**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/03/2023

**To:** Dr. Olachi Mezu-Ndubuisi
5767 Wilshire Drive
Fitchburg, WI 53711
Charge No: 443-2021-01485

EEOC Representative and email:     SHAWNDA BURNETT
Federal Investigator
shawnda.burnett@eeoc.gov

___

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 443-2021-01485.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
04/03/2023
___
Christine Park-Gonzalez
District Director

Exhibit 14 - Notice of the right to sue UW

**Cc:**
Rachel Jeris
500 LINCOLN DR RM 361
Madison, WI 53706

Rachel Jeris
500 LINCOLN DR RM 361
Madison, WI 53706


Please retain this notice for your records.

Exhibit 14 - Notice of the right to sue UW

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS ENCLOSED

Dr. Olachi Mezu-Ndubuisi
5767 Wilshire Drive
Fitchburg, WI 53711

Re: Dr. Olachi Mezu-Ndubuisi v. UNIVERSITY OF WISCONSIN - MADISON
    EEOC Charge Number: 443-2021-01485

The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed Dismissal and Notice of Rights (Notice) in the above-referenced charge on the date reflected thereon. Specifically, on that date, EEOC sent you an email notification that EEOC had made a decision regarding the above-referenced charge and advised you to download a copy of the decision document from the Portal. Our records indicate you have not downloaded the Notice from the Portal. For your convenience, a copy of the Notice is enclosed with this letter.

Please note that if the Charging Party wants to pursue this matter further in court, Charging Party must file a lawsuit within 90 days of the date they receive the Notice. The 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the EEOC.

I hope this information is helpful. If you have questions, please contact SHAWNDA BURNETT by telephone at (213) 785-3049 or email at SHAWNDA.BURNETT@EEOC.GOV.

Sincerely,

05/25/2023

SHAWNDA BURNETT
INVESTIGATOR

Osvaldo A
Herrera
Vallejo

Digitally signed
by Osvaldo A
Herrera Vallejo
Date: 2023.05.25
09:46:24 -07'00'

Enclosure

Exhibit 14 - Notice of the right to sue UW



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 East Temple St., 4th Floor
Los Angeles, CA 90012
Free: (833) 827-2920
ASL: (844) 234-5122
FAX: (213) 894-1118
Website: www.eeoc.gov

12/05/2023

VIA: valerie@cvalerieibe-law.com

Chinyere Valerie Ibe
7220 Owensmouth Avenue, Ste 220
Canoga Park, CA 91303

Re:     FOIA No.: 480-2024-003300
        Charge No.: 443-2021-01485

Dear Ms. Ibe:

Your Freedom of Information Act (FOIA) request, received on 12/05/2023, is processed. Our search began on 12/05/2023. All agency records in creation as of 12/05/2023 are within the scope of EEOC's search for responsive records. The paragraph(s) checked below apply.

[X]     Your request is granted in part and denied in part. Portions not released are withheld pursuant to the subsections of the FOIA indicated at the end of this letter.

[X]     The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[X]     I trust that the furnished information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please do not hesitate to contact the FOIA Professional who processed your request or our FOIA Public Liaison (see contact information in above letterhead or under signature line).

[X]     You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

        The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448.

        The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to FOIA@eeoc.gov, telephone at (202) 921-2542; or fax at (202) 827-7545.

[X]     If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to FOIA@eeoc.gov; online at https://eeoc.arkcase.com/foia/portal/login, or fax at (202) 827-7545. Your appeal will be governed by 29 C.F.R. § 1610.11.

480-2024-003300

Sincerely,

*Kathleen Gilliam*

_____

Kathleen Gilliam
Government Information Specialist
losafoia@eeoc.gov

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

Exemption(s) Used:

| | |
|---|---|
| [ ]  (b)(3)(A)(i) | [X]  (b)(6) |
|       [ ]  § 706(b) | [X]  (b)(7)(A) |
|       [ ]  § 709(e) | [X]  (b)(7)(C) |
|       [ ]  § 107 of the ADA | [ ]  (b)(7)(D) |
|       [ ]  § 207 of the GINA | [ ]  (b)(7)(E) |
| [ ]  (b)(4) | [ ]  (b)(7)(F) |
| [X]  (b)(5) | |

Exemption (b)(5) was applied on pages 1-5, 14, 510 and 511.

Exemption (b)(5) to the Freedom of Information Act (FOIA), 5 U.S.C.  § 552(b)(5) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action.  This exemption protects the agency's deliberative process and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  The exemption covers internal communications that are deliberative in nature.  National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132 (1975); Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998); Mace v. EEOC, 37 F. Supp. 2d 1144 (E.D. Mo. 1999).  The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Missouri ex. rel. Shorr v. United States Corps of Eng'rs., 147 F.3d 708, 710 (8th Cir. 1998).  Disclosure of preliminary assessments and opinions would create a chilling effect on the Commission staff's ability to freely and openly deliberate and discuss ideas, strategies, and recommendations, thereby impairing the Commission's ability to effectively and efficiently enforce applicable federal EEO laws by investigating charges and complaints, litigating and adjudicating cases, promulgating regulatory and sub-regulatory guidance, conducting outreach and education activities, and other related activities.  Records may be withheld under this exemption if they were prepared prior to an agency's decision, Wolfe v. Dep't of Health and Human Services, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker.  First Eastern Corp. v. Mainwaring, 21 F.3d 465,468 (D.C. Cir. 1994).  See also, Greyson v. McKenna & Cuneo and EEOC, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995).  Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision-making process.  A. Michael's Piano, Inc. v. Federal Trade Commission, 18 F.3d 138 (2d Cir. 1994).  An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure.  See Mapother, Nevas, et al. v. Dep't of Justice, 3 F.3d 1533 (D.C. Cir. 1993).

--------------------------------------------------------------------------------------------------------------

480-2024-003300

Exemptions (b)(6) and (b)(7)(C) were applied on page 481.

Exemption (b)(6) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(6) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, permits withholding of information about individuals in "personnel and medical files and similar files" if its disclosure "would constitute a clearly unwarranted invasion of personal privacy."  In addition to personnel records and medical files, the term "similar files" encompasses all information that "applies to a particular individual."  Dep't of State v. Washington Post Co., 456 U.S. 595, 599-603 (1982).  This exemption requires that the privacy interests of the individual be balanced against the public interest in disclosure.  Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976).  In examining whether there is a "public interest" in disclosure of certain information, the "public interest" must truly be in the interest of the overall public.  In United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989), the Supreme Court explained that only "[o]fficial information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA, and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct."\n\nPersonal details pertaining to an individual are generally protected under this exemption.  See, e.g., DOD v. FLRA, 510 U.S. 487, 500-502 (1994) (finding privacy interest in federal employees' home addresses even though they often are publicly available through sources such as telephone directories and voter registration lists); Pons v. United States Customs Service, No. 93-2094,1998 U.S. Dist. LEXIS 6084 at **13-14 (D.D.C. April 27, 1998) (protecting identities of lower and mid-level agency employees who worked on asset forfeiture documents); Barvick v. Cisneros, 941 F. Supp. 1015 (D. Kan. 1996) (finding personal information such as home addresses and telephone numbers, social security numbers, dates of birth, insurance and retirement information, reasons for leaving prior employment, and performance appraisals protectable under Exemption Six).  See also, Rothman v. USDA, 1996 Lexis 22716 (C.D. Cal. June 17, 1996) (disclosure of information in the applications of persons who failed to get a job may embarrass or harm them).

----------------------------------------------------------------------------------------------------

Exemption (b)(7)(C) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, authorizes the Commission to withhold:\n\nrecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .\n\nThe seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. Abraham & Rose, P.L.C. v. United States, 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation. National Labor Relations Board v. Robbins Tire and Rubber Co., 437 U.S. 214, 239 (1978); Manna v. United States Dep't. of Justice, 51 F.3d 1158,1164 (3d Cir. 1995). Disclosure of identities of employee-witnesses could cause "problems at their jobs and with their livelihoods."  L&C Marine Transport, Ltd. v. United States, 740 F.2d 919, 923 (11th Cir. 1984).\n\nThe Supreme Court has explained that only "[o]fficial information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA, and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct."  United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).\n\nFor the purposes of determining what constitutes an unwarranted invasion of personal privacy under exemption (b)(7)(C), the term "personal privacy" only encompasses individuals, and does not extend to the privacy interests of corporations. FCC v. AT&T Inc., 131 S.Ct. 1177, 1178 (2011).

----------------------------------------------------------------------------------------------------

480-2024-003300

Exemption (b)(7)(A) was applied on page 12.

Exemption (b)(7)(A) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(A) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, authorizes the Commission to withhold:\n\nrecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings . . . .\n\nThe seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. General Electric Co. v. United States EPA, 18 F.Supp.2d 138, 143 (D. Mass. 1998).  Premature disclosure of records compiled during an agency investigation will allow requester to know the possible nature, scope, direction, and limits of the investigation.  J.P. Stevens & Co. v. Perry, 710 F. 2d 136, 143 (4th Cir. 1983); Hambarian v. Commissioner of IRS, No.  CV 99-9000, 2000 WL 637347 (C.D. Cal. Feb. 16, 2000).  Release of statements by witnesses creates the potential for witness intimidation that could deter their cooperation.  National Labor Relations Board v. Robbins Tire and Rubber Co., 437 U.S. 214, 239 (1978); Manna v. United States Dep't of Justice, 51 F.3d 1158, 1164 (3d Cir. 1995). Exemption 7(A) applies "until . . . all reasonably foreseeable administrative and judicial proceedings are concluded"   Service Employees Int. Union, AFL-CIO v. GSA, No. 97 Civ. 8509, 1998 WL 726000 (S.D.N.Y. Oct. 15, 1998); Southern Baptist Hospital v. Equal Employment Opportunity Comm'n, 28 Empl. Prac. Dec. ¶ 32,585 at 24,642, 1982 WL 209 (E.D. La. 1982).
-------------------------------------------------------------------------------------------------------------

For a full description of the exemption codes used please find them at the following URL:
https://www.eeoc.gov/foia/freedom-information-act-reference-guide

This response was prepared by Kathleen Gilliam, Government Information Specialist, who may be reached at Kathleen.Gilliam@eeoc.gov or (213) 785-3012.