WILSON TURNER KOSMO LLP
ROBIN A. WOFFORD (137919)
MARY P. SNYDER (211228)
KARYN R. MOORE (309787)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  rwofford@wilsonturnerkosmo.com
E-mail:  msnyder@wilsonturnerkosmo.com
E-mail:  kmoore@wilsonturnerkosmo.com

Attorneys for Specially Appearing Defendants
UNIVERSITY OF WISCONSIN-MADISON (erroneously sued),
BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN
SYSTEM, ROBERT GOLDEN, ELLEN WALD, RYAN
MCADAMS AND NINA MENDA (IN HER CAPACITY AS A
UNIVERSITY OF WISCONSIN-MADISON EMPLOYEE)

[ADDITIONAL COUNSEL LISTED ON FOLLOWING PAGE]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLACHI MEZU-NDUBUISI, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WISCONSIN-MADISON; BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM; ROBERT GOLDEN, an Individual; ELLEN WALD, an Individual; RYAN MCADAMS, an Individual; UNITYPOINT HEALTH-MERITER HOSPITAL, AKA MERITER HOSPITAL, INC., a Corporation; PAM WETZEL, an Individual; SUE ERICKSON, an Individual; NINA MENDA, an Individual; MERITER EXECUTIVE BOARD COMMITTEE; AMANDA LINDSAY, an Individual; KARL NIBBELINK, an Individual; ELIABETH PRITTS, an Individual; SHERRY HENSELER, an Individual; DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:23-CV-08516-RGK(Ex)<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**<br><br>Complaint Filed:  October 9, 2023<br><br>Scheduling Conference<br><br>Date:          January 8, 2024<br>Time:          9:00 A.M.<br>Courtroom:   850<br><br>Judge:         Hon. R. Gary Klausner<br>Courtroom.:   850<br><br>Magistrate Judge: Hon. Charles F. Eick<br>Courtroom:     750<br><br>Trial Date: Not Set |

Chinyere Valerie Ibe, Esq. (SBN 247242)
Law Offices of C. Valerie Ibe,
7220 Owensmouth Avenue, Ste 220
Canoga Park, CA 91303
Tel:818-900-5298
E-mail: valerie@cvalerieibe-law.com

Attorney for Plaintiff
OLACHI MEZU-NDUBUISI, M.D.


AXLEY BRYNELSON LLP
BRIAN C. HOUGH (Admitted Pro Hac Vice)
2 East Mifflin Street, Suite 200
Madison, WI 53703
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
E-mail: bhough@axley.com

Attorneys for Defendants
UNITYPOINT HEALTH-MERITER HOSPITAL
AKA MERITER HOSPITAL, INC.
PAM WETZEL
SUE ERICKSON
MERITER EXECUTIVE BOARD COMMITTEE
AMANDA LINDSAY
KARL NIBBELINK
ELIZABETH PRITTS
SHERRY HENSELER
NINA MENDA

JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT

In advance of their January 8, 2024 Scheduling Conference, counsel for Plaintiff OLACHI MEZU-NDUBUISI ("Plaintiff"), counsel for Specially Appearing Defendants UNIVERSITY OF WISCONSIN-MADISON (UW-Madison")(erroneously sued), BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM, ROBERT GOLDEN, ELLEN WALD, RYAN MCADAMS AND NINA MENDA (in her capacity as a UW-Madison employee) (collectively, "State of WI Defendants"), and counsel for Specially Appearing Defendants UNITYPOINT HEALTH-MERITER HOSPITAL, AKA MERITER HOSPITAL, INC., PAM WETZEL, SUE ERICKSON, NINA MENDA (in her capacity as Director at UnityPoint Meriter), MERITER EXECUTIVE BOARD COMMITTEE; AMANDA LINDSAY, KARL NIBBELINK, ELIABETH PRITTS, and SHERRY HENSELER (collectively, "Meriter Defendants") (State of WI Defendants and Meriter Defendants jointly referred to as "Defendants") held their Conference of Parties pursuant to Federal Rule of Civil Procedure 26(f) on December 12, 2023.[1]

Plaintiff and Defendants[2] (collectively, the "Parties") respectfully submit the following Joint Scheduling Conference Report, pursuant to the Federal Rules of Civil Procedure 16(b) and 26(f)(3), U.S. District Court, Central District of California Local Rule 26-1, and the Court's Policies and Procedures including this Court's Order Setting Scheduling Conference filed November 20, 2023 (Docket 45), as set forth below:

///

///

---

[1] Prior to, and during, this conference, Defendants told Plaintiff they were participating in the conference as required by the federal rules and the court, and noted their participation should in no way be taken as a waiver of their objections to personal jurisdiction and venue, as raised in their respective pending Motions to Dismiss.

[2] Defendants submit this report subject to, and without waiving, their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.

JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT

# I. SUBJECT MATTER JURISDICTION

**Plaintiff's Position**

Plaintiff asserts that this Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. ¶1331 (federal question jurisdiction). University of Wisconsin-Madison defendants and the Board of Regents engage in substantial, continuous, and systematic activities in California. The contacts are imputed to the Meriter defendants by reason of their partnership.

Plaintiff properly served the UW defendants on October 23, 2023  and the Meriter defendants on October 19, 2023. All the defendants accepted service without waiving other jurisdictional defenses, and there are no outstanding claims disputing adequacy of service.

**Defendants' Position**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.  Subject to, and without waiving these objections, Defendants provide the following response:

The parties agree that subject matter jurisdiction is undisputed.

# II. STATEMENT OF THE CASE

**Plaintiff's Factual Summary of the Case and Claims Asserted**

**Factual Summary of the case – Plaintiff's statement:**

Plaintiff is a black African woman whose national origin is from Nigeria, a member of the Igbo ethnic group in that nation. Dr. Olachi Mezu-Ndubuisi is suing the defendants, her joint employers and their agents/employees for discrimination based on race, national origin, disability, for retaliation, harassment, abusive and hostile work environment, FMLA Interference, FMLA Retaliation, and disparate treatment. Dr. Olachi Mezu-Ndubuisi was hired in 2013 as an Assistant Professor and physician-scientist in the Division of Neonatology, Department of Pediatrics at University of Wisconsin (UW) School of Medicine and Public Health with an affiliate appointment in the

Department of Ophthalmology and Visual Sciences. She has a Doctor of Optometry degree, summa cum laude, prior to obtaining a medical degree, and completing three years of Pediatric residency, and more than three years of neonatology fellowship training.

Upon hire in 2013, Dr. Mezu-Ndubuisi was unfairly subjected to monitoring and restrictions on her clinical work at Meriter Hospital, despite exceeding expectations in her evaluations. The defendants acted jointly and severally. The complaint provides in detail a pattern of unfair treatment, discrimination, and retaliation against the Plaintiff, Dr. Mezu-Ndubuisi who was the only underrepresented minority neonatologist in the division for several years and faced discrimination in the false and biased patient safety reporting, unjustly targeted, Discriminated against for Advocating for Safe Care of a Minority Child who died, retaliation for Reporting Racial Discrimination in Patient Safety Reporting and subjected to harassment and an abusive and hostile work environment. Other similarly situated colleagues who were not Black African Americans of Nigerian national origin were not subjected to such treatment.

The defendants systematically took down the Plaintiff's dignity, good name, reputation, and job because she opposed and complained about the unfair treatment, discrimination, retaliation, harassment, hostile work environment, and disparate treatment that they subjected her to. The discrimination and retaliation increased when she sought to have them addressed and remedied. The defendants interfered with her FMLA and retaliated against her by refusing to let her return to work after she had been cleared by her doctors.

The defendants ordered her to undergo invasive and onerous testing in order to keep her position after she returned from her FMLA. Other similarly situated employees who were not Black African Americans of Nigerian origin were not subjected to such testing after they returned from FMLA.

JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT

Defendants, then constructive discharged her after she sailed through their onerous and invasive testing.

Plaintiff suffered significant damages, including extreme emotional distress, pain and suffering past and future lost wages and benefits, and attorney fees, costs of suit as a result of the defendants' discriminatory and punitive actions.

Claims being asserted by the plaintiff:

1. Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.
2. Title VII Retaliation
3. FMLA Interference
4. FMLA Retaliation
5. Harassment/Hostile and Abusive Work Environment
6. Constructive discharge
7. Disability discrimination - Title I of the Americans with Disabilities Act of 1990 as amended.
8. Joint employment relationship between Meriter and UW

**State of WI Defendants' Short Factual Summary of Claims and Defenses**

State of WI Defendants reassert their objections to personal jurisdiction and venue, as raised in their Motion to Dismiss. Subject to, and without waiving these objections, State of WI Defendants provide the following response:

Plaintiff began working for UW-Madison in 2013, as a tenure-track Assistant Professor in the Department of Pediatrics within the University's School of Medicine and Public Health ("SMPH"), until she voluntarily resigned. Plaintiff's University appointment was allocated 75% to research and teaching duties and 25% to clinical care for patients in the Neonatal Intensive Care Units ("NICU") at UW Health American Family Children's Hospital ("AFCH") and Meriter. UW-Health and Meriter are separate legal entities from UW-Madison. To provide clinical care at

1   AFCH and Meriter, Plaintiff was required to become a member of the medical staff at

2   those entities and abide by the medical staff bylaws of those entities. UW-Madison

3   does not control the medical staff processes at AFCH or Meriter.

4       State of WI Defendants dispute each and every one of Plaintiff's claims.

5   Moreover, Plaintiff's Title VII claims fall outside the applicable statute of limitations.

6   Further, State of WI Defendants assert the affirmative defenses of sovereign immunity

7   and statute of limitations as to Plaintiff's FMLA claims.  *See* 29 C.F.R. 825.400; U.S.

8   Const. amend. XI.  If the Court does not dismiss this case as to State of WI

9   Defendants, State of WI Defendants respectfully reserve the right to submit a

10   supplemental factual summary of claims and defenses at that time.

11       **Meriter Defendants' Short Factual Summary of Claims and Defenses**

12       Meriter Defendants reassert their objections to personal jurisdiction and venue,

13   as raised in their Motion to Dismiss.  Subject to, and without waiving these objections,

14   Meriter Defendants provide the following response:

15       Meriter conducts no business or employment-related activities in the state of

16   California. No acts or omissions are alleged to have taken place in the state of

17   California. None of the defendants reside in California.  This case has nothing to do

18   with California.

19       Plaintiff, who was providing health care services at Meriter, alleges various

20   forms of employment discrimination. The Meriter Defendants expressly deny any and

21   all claims.  Any acts or omissions involving Plaintiff were for legitimate, non-

22   discriminatory reasons. Plaintiff's claims may be barred by applicable statutes of

23   limitations. Plaintiff cannot establish an employment relationship with the Meriter

24   Defendants. Plaintiff fails to state a claim against the individual defendants and

25   against the Meriter Executive Board. Further facts and defenses may be established

26   through discovery.

27   ///

28   ///

### III.   <u>PRINCIPAL ISSUES</u>

**Plaintiff's Position**

Defendants have filed a series of motions to dismiss which the plaintiff is opposing, based on several disputed facts and points of law, including but not limited to the following:

a. Whether this court has personal jurisdiction over the defendants.

b. Whether the Central District of California is an improper venue.

c. Whether a counsel that is not licensed in California nor admitted or permitted to practice in the Central District of California can meet and confer as a counsel pursuant to Local Rule 7.3.

d. Whether the failure to follow the local rules should nullify a motion to dismiss.

e. Whether UW and the Board of Regents have systematic, continuous activities in California.

f. Whether the contacts of UW can be imputed to Meriter based on the agency relationship.

Plaintiff hopes to conduct discovery if the request to conduct a jurisdictional discovery is granted. Additional issues identified in the pleadings include, but are not limited to:

a. Whether Meriter can be held responsible under the principles of agency, alter ego.

b. The degree of UW's involvement and control over the actions of Meriter defendants at the time the discriminatory actions took place.

c. Whether the defendants solicit or directly act as agents in soliciting or recruiting California residents.

Additional disputed questions of facts and law beyond those set out above are to be identified from the jurisdictional discovery, and from the defendants' answers to the complaint. Plaintiff reserves the right to amend and supplement.

///

JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT

**State of WI Defendants' Position**

State of WI Defendants reassert their objections to personal jurisdiction and venue, as raised in their Motion to Dismiss.  Subject to, and without waiving these objections, State of WI Defendants provide the following response:

The principal issues to be determined in this matter include:

1.  Whether personal jurisdiction is appropriate over State of WI Defendants.

2.  Whether venue is proper.

3.  Whether UW-Madison should be stricken as a party as an improperly sued entity.

4.  Whether Plaintiff's Title VII claims are timely as to State of WI Defendants.

5.  Whether Plaintiff can sue State of Wisconsin employees in their personal capacities for alleged violations of Title VII, Title I of the ADA, and the Rehabilitation Act.

6.  Whether Plaintiff suffered any alleged discrimination or harassment, including whether, for alleged discrimination, Defendant had legitimate non-discriminatory reasons for actions taken/not taken in regard to Plaintiff and for alleged harassment, whether the alleged conduct rose to the level of unlawful harassment under Title VII.

7.  Whether Plaintiff's claims against the Board of Regents under Title I of the ADA and the personal care provisions of the FMLA are barred by the Eleventh Amendment.

8.  Whether Plaintiff's FMLA claims are barred by the statute of limitations.

9.  If the Court does not dismiss this case as to State of WI Defendants, State of WI Defendants respectfully reserve the right to submit a supplemental list of the principal substantive issues to be decided in the case.

**Meriter Defendants' Position**

1.  Whether personal jurisdiction is appropriate over the Meriter Defendants.

-9-          Case No. 2:23-CV-08516-RGK(Ex)

2.    Whether venue is proper.

3.    Whether Plaintiff has stated a claim against the individual Meriter Defendants for discrimination.

4.    Whether the Meriter Executive Board is a party capable of being sued.

5.    Whether Plaintiff has complied with the applicable statutes of limitations.

6.    Whether Plaintiff suffered any alleged discrimination or harassment, including whether the Meriter Defendants had legitimate non-discriminatory reasons for any acts or omissions, and whether the alleged harassment rose to the level of unlawful harassment under Title VII.

7.    Whether Plaintiff had an employment relationship with the Meriter Defendants.

8.    While denying any and all liability, whether Plaintiff suffered any damages, and if so, whether any alleged damages were mitigated.

9.    If the Court does not dismiss this case as to the Meriter Defendants, they respectfully reserve the right to submit a supplemental list of the principal substantive issues to be decided in the case.

## IV.    JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

**Plaintiff's Position**

No additional plaintiffs at this time. Too early to tell. Probably when defendants answer and also during discovery. Additional defendants who are identified will be similarly implicated and liable as current defendants.

Plaintiff intends and reserves the right to amend the complaint.

**Defendants' Position**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.  Subject to, and without waiving these objections, Defendants provide the following response:

Plaintiff has indicated that she plans to amend the Complaint.  Defendants have not taken a position on any such amendment, as no specifics/no draft amendment have

1   yet been provided.  Defendants do not contemplate the appearance of additional

2   parties.

3   **V.   INITIAL DISCLOSURES**

4       **Plaintiff's Position**

5       No changes should be made pursuant to Federal Rules of Civil Procedure 26(a)

6   or (f). Nor should discovery be conducted in phases or otherwise limited. Plaintiff sent

7   her initial disclosures to the defendants on December 26, 2023.

8       **Defendants' Position**

9       Defendants reassert their objections to personal jurisdiction and venue, as raised

10   in their respective Motions to Dismiss.  Subject to, and without waiving these

11   objections, Defendants provide the following response:

12       Pursuant to Federal Rule of Civil Procedure 26(a)(c), Defendants objected

13   during the Rule 26(f) conference (and reassert here) that initial disclosures are not

14   appropriate in this action at this time, as the Court's rulings on Defendants' respective

15   Motions to Dismiss are still pending.  Instead, Defendants respectfully request that (if

16   and only if the Court rules in favor of Plaintiff on Defendants' Motions to Dismiss)

17   initial disclosures by any parties remaining before this Court be due 14 days after the

18   Court has ruled on both the State of WI Defendants' and Meriter Defendants' Motions

19   to Dismiss.

20       Similarly, Defendants also request that discovery be stayed until the Court has

21   had an opportunity to rule on Defendants' respective Motions to Dismiss.  *Wenger v.*

22   *Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of

23   protective order staying discovery pending resolution of motion to dismiss), as

24   amended on denial of reh'g and reh'g en banc, (Apr. 17, 2002); *see also* Fed. R. Civ. P.

25   26(c)(1) ("The court may, for good cause, issue an order to protect a party or person

26   from ... undue burden or expense ....")  In this case, there is good cause for a stay and

27   the interests of justice and judicial economy support Defendants' request.  As

28   explained in Defendants' respective Motions to Dismiss, Defendants are all based in

Wisconsin, and it is Defendants' position that Plaintiff's counsel obviously or deliberately filed this case in the wrong court. *See Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993); *see also Stanifer v. Brannan*, 564 F.3d 455, 460 (6th Cir. 2009).

## VI.    DISCOVERY TAKEN TO DATE

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.  Subject to, and without waiving these objections, Defendants join Plaintiff in the following statement:

No discovery has been propounded and no depositions have been taken.

**A.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

**Plaintiff's Position**

No changes should be made pursuant to Federal Rules of Civil Procedure 26(a) or (f). Nor should discovery be conducted in phases or otherwise limited. Plaintiff sent her initial disclosures to the defendants on December 26, 2023.

Plaintiff reserves the right to amend and supplement.

**Defendants' Position**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.  Subject to, and without waiving these objections, Defendants provide the following response:

Pursuant to Federal Rule of Civil Procedure 26(a)(c), Defendants objected during the Rule 26(f) conference (and reassert here) that initial disclosures are not appropriate in this action at this time, as the Court's rulings on Defendants' respective Motions to Dismiss are still pending.  Instead, Defendants respectfully request that (if and only if the Court rules in favor of Plaintiff on Defendants' Motions to Dismiss) initial disclosures by any parties remaining before this Court be due 14 days after the

1  Court has ruled on both the State of WI Defendants' and Meriter Defendants' Motions
2  to Dismiss.

3        Similarly, Defendants also request that discovery be stayed until the Court has
4  had an opportunity to rule on Defendants' respective Motions to Dismiss. *Wenger v.*
5  *Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of
6  protective order staying discovery pending resolution of motion to dismiss), as
7  amended on denial of reh'g and reh'g en banc, (Apr. 17, 2002); *see also* Fed. R. Civ. P.
8  26(c)(1) ("The court may, for good cause, issue an order to protect a party or person
9  from ... undue burden or expense ....")  In this case, there is good cause for a stay and
10 the interests of justice and judicial economy support Defendants' request.  As
11 explained in Defendants' respective Motions to Dismiss, Defendants are all based in
12 Wisconsin, and it is Defendants' position that Plaintiff's counsel obviously or
13 deliberately filed this case in the wrong court.  *See Nichols v. G.D. Searle & Co.*, 991
14 F.2d 1195, 1201 (4th Cir. 1993); *see also Stanifer v. Brannan*, 564 F.3d 455, 460 (6th
15 Cir. 2009).

16      **B.    The subjects on which discovery may be needed and whether**
17             **discovery should be conducted in phases or be limited to or focused**
18             **on particular issues:**

19      **Plaintiff's Position**

20      **Subjects of Discovery**

21   a. Whether Meriter can be held responsible under the principles of agency, alter
22      ego.

23   b. The degree of UW's involvement and control over the actions of Meriter
24      defendants at the time the discriminatory actions took place.

25   c. Whether the defendants solicit or directly act as agents in soliciting or recruiting
26      California residents.

27   d. Whether UW and the Board of Regents have systematic, continuous activities
28      in California.

e.  Discrimination in False Patient Safety Reporting

f.  Retaliation for Reporting Racial Discrimination in Patient Safety

g.  Reporting:

h.  Discrimination for Advocating for Safe Care of a Minority Child who

i.  died.

j.  Retaliation, disparate treatment, hostile work environment, harassment,

k.  and Unjust Targeting

l.  Joint employment relationship between Meriter and UW

m. The Requirement to undergo Vanderbilt testing after an approved leave

n.  University of Wisconsin-Madison's activities in California.

o.  All the allegations underlying all of plaintiff's claims and defendants' defenses.

In addition to jurisdictional discovery if it is granted, plaintiff plans to initiate the regular discovery process. But, these are stalled as there are pending motions to dismiss that have not being ruled on, plaintiff has not yet received an answer from the defendants.

Plaintiff states that discovery should not be limited and should not be conducted in phases or focused on any particular issues. Plaintiff has laid out a 10-year history and pattern of discrimination, retaliation, hostile and abusive work environment, harassment and disparagement of character in her complaint. Limiting the discovery or conducting a focused discovery will prejudice the plaintiff. Plaintiff reserves the right to amend and supplement.

**Defendants' Position**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.  Subject to, and without waiving these objections, Defendants provide the following response:

Plaintiff's claims and Defendants' defenses.  Defendants respectfully request two sets of expert disclosure dates, one for liability experts and another for damages experts.  Defendants further request that dates associated with liability experts be set

1   prior to the date motions for summary judgment are due and that damages expert-
2   associated deadlines be set later.

3       Defendants also incorporate by reference their request for a stay of discovery,
4   discussed in Section VI.A above.

5   **C.**   **<u>Any issues about disclosure, discovery, or preservation of</u>**
6           **<u>electronically stored information, including the form or forms in</u>**
7           **<u>which it should be produced:</u>**

8   **Plaintiff's Position**

9       Plaintiff is not aware of any issues related to disclosure, discovery or the
10  preservation of electronically stored information ("ESI"). Plaintiff asserts that ESI
11  may be produced in pdf, Word, excel or similar format but must be preserved in its
12  native format and should be produced in native format if requested.

13      Plaintiff asserts that a protective order is required to protect plaintiff's and
14  patients' confidential records.

15  **Defendants' Position**

16      Defendants reassert their objections to personal jurisdiction and venue, as raised
17  in their respective Motions to Dismiss.  Subject to, and without waiving these
18  objections, Defendants provide the following response:

19      The Parties agree a protective order is needed in this case, specifically to protect
20  confidential patient and/or student information.

21  **D.**   **<u>Any issues about claims of privilege or of protection as trial-</u>**
22          **<u>preparation materials, including—if the parties agree on a procedure</u>**
23          **<u>to assert these claims after production—whether to ask the court to</u>**
24          **<u>include their agreement in an order under Federal Rule of Evidence</u>**
25          **<u>502:</u>**

26  **Plaintiff's Position**

27      Plaintiff is not aware of any issues but reserves the right to amend and
28  supplement.

**Defendants' Position**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.  Subject to, and without waiving these objections, Defendants provide the following response:

Defendants propose including a claw back provision for any unintentionally produced privileged documents.

**E.** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

**Plaintiff's Position**

Plaintiff asserts that there should be no limitations on discovery. The 30 days to respond to discovery requests is more than adequate time. Plaintiff reserves the right to amend and supplement.

**Defendants' Position**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.  Subject to, and without waiving these objections, Defendants provide the following response:

Defendants request 45 days (rather than the standard 30 days) to respond to discovery requests.  Defendants have no objection to this response timely applying to all Parties.  Defendants are comprised of many physicians and professors whose professional commitments make the 30-day timeframe challenging.  Defendants respectfully request this slightly longer timeframe to avoid having to unnecessarily request extensions to respond.

Defendants also incorporate by reference their request for a stay of discovery, discussed in Section VI.A above.

///

///

///

JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT

**F.** **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

**Plaintiff's Position**

Plaintiff asserts that a protective order is required to protect confidential records of the plaintiff and patients. Plaintiff reserves the right to supplement.

**Defendants' Position**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss. Subject to, and without waiving these objections, Defendants provide the following response:

The Parties agree a protective order is needed in this case, specifically to protect confidential patient and/or student information.

**VII.** **RELATED CASE PROCEEDINGS**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss. Subject to, and without waiving these objections, Defendants join Plaintiff in the following response:

None.

**VIII.** **ALL RELIEF SOUGHT**

**Plaintiff's Position**

Plaintiff seeks the following:

1. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendant's discriminatory practices;

2. For punitive damages for the Malicious & oppressive conduct, willful and conscious disregard of the Plaintiff's rights Intended to cause injury to the Plaintiff.

3. Front pay;

4. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future;

5. Compensatory Damages for unjust denial of deserved Promotion to Associate Professor with tenure in spite of the approval of relevant assessment

1  departmental bodies, equitable relief for lifetime lost wages resulting therefrom;

2  - based on discovery, pain and suffering.

3  6. Expungement of the negative and false reports in the Plaintiff's medical file

4  and employment records;

5  7. Compelling the Medical Executive Committee to reject the biased report and

6  recommendations of the Ad Hoc Committee.

7  8. For costs of suit, and attorneys' fees

8  9. For post-judgment interest

9  10. Back pay

10  11. Emotional distress

11  **Defendants' Position**

12  Defendants reassert their objections to personal jurisdiction and venue, as raised

13  in their respective Motions to Dismiss.  Subject to, and without waiving these

14  objections, Defendants provide the following response:

15  Defendants do not seek any affirmative relief.  Defendants contend that

16  Plaintiff's economic and non-economic damages are subject to proof by Plaintiff and

17  also subject to reduction to the extent that Plaintiff could have avoided some or all of

18  the harm she alleges by engaging in proper mitigation efforts.  Defendants deny that

19  Plaintiff has suffered damages as alleged, and also deny that, even if some liability

20  were to be established, Plaintiff would be able to present evidence to support her

21  demands.

22  **IX.   DISCOVERY PLAN**

23  **Plaintiff's Position**

24  Plaintiff sent her initial disclosures to the defendants on December 26, 2023 and

25  will conduct jurisdictional discovery if it is granted. With the exception of those, it is

26  premature to seek to develop and initiate a regular discovery plan as the defendants

27  have made it clear that they won't even engage in the initial disclosures. They are

28  opposed to any discovery process until the motions to dismiss have been resolved.

1   Additionally, no answer has been received from them, plaintiff cannot anticipate the
2   content of additional discovery or estimate how much time will be needed for
3   discovery. Plaintiff reserves the right to amend and supplement.

4       **Defendants' Position**

5       Defendants reassert their objections to personal jurisdiction and venue, as raised
6   in their respective Motions to Dismiss.  Subject to, and without waiving these
7   objections, Defendants provide the following response:

8       Pursuant to Federal Rule of Civil Procedure 26(a)(c), Defendants objected
9   during the Rule 26(f) conference (and reassert here) that initial disclosures are not
10  appropriate in this action at this time, as the Court's rulings on Defendants' respective
11  Motions to Dismiss are still pending.  Instead, Defendants respectfully request that (if
12  and only if the Court rules in favor of Plaintiff on Defendants' Motions to Dismiss)
13  initial disclosures by any parties remaining before this Court be due 14 days after the
14  Court has ruled on both the State of WI Defendants' and Meriter Defendants' Motions
15  to Dismiss.  Defendants also incorporate by reference their request for a stay of
16  discovery, discussed in Section VI.A above.

17      1.  Non-Expert Discovery Cut-off – Before Last Date to File Motions.

18      2.  Initial Liability Expert Disclosures – Before Last Date to File Motions.

19      3.  Rebuttal Liability Expert Disclosures – Before Last Date to File Motions.

20      4.  Liability Expert Discovery Cut-off – Before Last Date to File Motions.

21      5.  Last Date to File Motions – August 2024 (assuming the Court rules on
22          Defendants' Motions to Dismiss in December 2023 or January 2024), or at
23          least eight (8) months after the Court rules on Defendants' Motions to
24          Dismiss.

25      6.  Last Date to Hear Motions – Late September 2024.

26      7.  Initial Damages Expert Disclosures – Before Final Pre-Trial Conference
27          Date.

28  ///

-19-     Case No. 2:23-CV-08516-RGK(Ex)

8.  Rebuttal Damages Expert Disclosures – Before Final Pre-Trial Conference Date.

9.  Damages Expert Discovery Cut-off – Before Final Pre-Trial Conference Date.

10. Final Pretrial Conference – February 2025 – Two weeks prior to the trial date.

11. Trial Date – February 2025, or should the ruling on the Motions to Dismiss be delayed beyond February 2024, at least 12 months after the Court rules on Defendants' Motions to Dismiss.

## X.   **TRIAL ESTIMATE**

**Plaintiff's Position**

Plaintiff does not have enough information to provide an estimate of the length of trial until discovery has been conducted. Plaintiff's preliminary estimate is for a 3-week trial. Plaintiff reserves the right to amend and supplement.

**Defendants' Position**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.  Subject to, and without waiving these objections, Defendants provide the following response:

Defendants estimate that five (5) days will be needed for trial.

## XI.   **EFFORTS TO RESOLVE THE CASE**

**Plaintiff's Position**

Plaintiff prefers ADR Procedure No. 2 – use of the Court's mediation panel. No efforts have been made to resolve the case by the parties.

**Defendants' Position**

Defendants reassert their objections to personal jurisdiction and venue, as raised in their respective Motions to Dismiss.  Subject to, and without waiving these objections, Defendants provide the following response:

///

1    Counsel has not discussed settlement, and no specific offers or demands have

2    been exchanged.  Should the Court deny Defendants' respective Motions to Dismiss,

3    Defendants anticipate completing some initial discovery before initiating settlement

4    discussions.

5    Defendants prefer ADR Procedure No. 1 with the assigned magistrate judge to

6    this case.

7    **XII.   <u>COMPLEXITY</u>**

8    Defendants reassert their objections to personal jurisdiction and venue, as raised

9    in their respective Motions to Dismiss.  Subject to, and without waiving these

10    objections, Defendants join Plaintiff in the following response:

11    The Parties agree that the instant action is not a complex case.

12    **XIII.  <u>MOTIONS</u>**

13    **Plaintiff's Position**

14    Plaintiff does not anticipate filing any motions that would decide key issues in

15    the case. Plaintiff reserves the right to amend and supplement.

16    **Defendants' Position**

17    Defendants reassert their objections to personal jurisdiction and venue, as raised

18    in their respective Motions to Dismiss.  Subject to, and without waiving these

19    objections, Defendants provide the following response:

20    Defendants believe motions for summary judgment are likely in this case.

21    Given their pending Motions to Dismiss, Defendants respectfully propose August

22    2024 – but at least eight (8) months after the Court rules on Defendants' Motions to

23    Dismiss – as the cutoff date by which all dispositive or partially dispositive motions

24    shall be made.

25    ///

26    ///

27    ///

28    ///

1
**XIV.  UNUSUAL LEGAL ISSUES**

2
Defendants reassert their objections to personal jurisdiction and venue, as raised

3
in their respective Motions to Dismiss.  Subject to, and without waiving these

4
objections, Defendants join Plaintiff in the following response:

5
The Parties to not anticipate any unusual legal issues at this time.

6
**XV.  SEVERANCE, BIFURCATION, OR OTHER ORDERING PROOF**

7
**Plaintiff's Position**

8
Plaintiff asserts that there should be no severance or bifurcation. Plaintiff

9
reserves the right to amend and supplement.

10
**Defendants' Position**

11
Defendants reassert their objections to personal jurisdiction and venue, as raised

12
in their respective Motions to Dismiss.  Subject to, and without waiving these

13
objections, Defendants provide the following response:

14
Defendants will seek to bifurcate liability and damages.

15
**XVI.  Confirmation of Lead Trial Counsel as ECF Users:**

16
Defendants reassert their objections to personal jurisdiction and venue, as raised

17
in their respective Motions to Dismiss.  Subject to, and without waiving these

18
objections, Defendants join Plaintiff is providing the following response.

19
Trial Counsel (C. Valerie Ibe for Plaintiff, Robin A. Wofford for State of WI

20
Defendants, and Brian Hough for Meriter Defendants) confirm that they are each

21
registered as ECF Users.  C. Valerie Ibe's email address of record is:

22
valerie@cvalerieibe-law.com.  Robin A. Wofford's email address of record is:

23
rwofford@wilsonturnerkosmo.com.  Brian Hough's email address of record is

24
bhough@axley.com.

25
///

26
///

27
///

28
///

**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**

1  Dated:   December 26, 2023        **LAW OFFICES OF C. VALERIE IBE**

2

3                                    By:   /s/ Chinyere Valerie Ibe
4                                          CHINYERE VALERIE IBE
                                           Attorney for Plaintiff
5                                          OLACHI MEZU-NDUBUISI

6

7  Dated:   December 26. 2023        **AXLEY BRYNELSON. LLP**

8

9                                    By:   /s/ Brian Hough
10                                         BRIAN HOUGH
                                           Attorneys for Specially Appearing
11                                         Defendants UNITYPOINT HEALTH-
                                           MERITER HOSPITAL, AKA MERITER
12                                         HOSPITAL, INC., PAM WETZEL, SUE
                                           ERICKSON; MERITER EXECUTIVE
13                                         BOARD COMMITTEE; AMANDA
                                           LINDSAY, KARL NIBBELINK,
14                                         ELIZABETH PRITTS, SHERRY
                                           HENSELER, AND NINA MENDA (IN
15                                         HER CAPACITY AS A PERSON
                                           ASSOCIATED WITH MERITER
16                                         HOSPITAL, INC.)

17

18  Dated:     December 26. 2023      **WILSON TURNER KOSMO LLP**

19

20                                    By:   /s/ Karyn R. Moore
21                                          ROBIN A. WOFFORD
                                            MARY P. SNYDER
22                                          KARYN R. MOORE
                                            Attorneys for Specially Appearing
23                                          Defendants UNIVERSITY OF
                                            WISCONSIN-MADISON (erroneously
24                                          sued), BOARD OF REGENTS OF THE
                                            UNIVERSITY OF WISCONSIN SYSTEM,
25                                          ROBERT GOLDEN, ELLEN WALD,
                                            RYAN MCADAMS AND NINA MENDA
26                                          (IN HER CAPACITY AS A UNIVERSITY
                                            OF WISCONSIN-MADISON
27                                          EMPLOYEE)

28

JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in the filing's content.

By:     /s/ Karyn R. Moore

KARYN R. MOORE